Chief Justice Robertson,
delivered-the opinion of the-court.
The county court having rejected n paper, purporting to be the last Will of Rachel Hig-don, and offered to that court for probate, the ease has been brought-to this court,, and here fully investigated; and we are of opinion, that the paper is the last Will of Rachel Higdon, and should, as such, have been admitted to record.
The proof of publication is ample. The acknowl-edgement in the presence of the subscribing witnesses, was strictly legal. The law does not require, ^le Will should be read by or to the subscribing, witnesses; nor that they should-know its contents-, All that is required-, is, that the paper should be iden-tiSed ^7 the witnesses,as that which they subscribed, and that they should prove that it was acknowledged by the testatrix, in their presence. All this has been fully proved in this case.
A just and reasonable consideration of all the facts which have been proved, will not allow this court to decide, that the testatrix had not, at the date of the publication, a disposing mind.
It is true, that she was about 85 years old; and that all her faculties were perceptibly decayed, and *445 her memory, especially, very much impaired. But her mind was only somewhat torpid, not unsound; the occasional langor and absence, and even apparent imbecility of her mind, were only the natural and ordinary consequences of her old age, and were, in kind and degree, only. such as may be expected to mark such extreme longevity as 85 years. Only benumbed with years, her mind was always rational, and when it acted, was consistent and intelligent. She seemed to be well acquainted with her property and its value, and generally superintended the management of her own affairs. She dictated the Will, and it was written as she directed, and was afterwards read to and approved by her. She more than once, manifested a strong desire to make a Will, and such an one as she did make. The value of her estate, was only about $300; and the whole of that, (except some trifles which she gave to her other children, to give validity to the Will, as she supposed such notice of all was necessary to do,) she devised to a son, with whom she was living, and who seems to have been more attentive and kind to her, than any of her other children were deemed to have been.
An occasional languor and absence, or evenjmbecility of mind exhibited by a testator,if they are only the natural and ordinary consequences of his old age, are insufficient to invalidate hi* will.
Wickliffe and Wooley, for plaintiff; Chapeze, for defendant.
The comparative indifference manifested towards, her other children, was not so unnatural or unreasonable, as to indicate mental derangement or delusion. Moreover, her estate was scarcely worth distributing among her children, situated as they were.
Nor is there any proof, that improper or undue means, or even any means whatever, were employed to influence her judgment or will, as to the disposition of her property.
In such a case, there being no other plausible objection to the Will, than the age of the testatrix, this court cannot concur with the county court.
Wherefore, it is adjudged and ordered, that the order of the county court be reversed and set aside, and that the will be admitted to record in this court, and certified to the county court of Nelson, to be there recorded, as the last Will and testament of Rachel Higdon, deceased.