CASE 13—INDICTMENT—JUNE 6.

# Taylor vs. Commonwealth.

**APPEAL FROM JEFFERSON CIRCUIT COURT.**

1. "The said Taylor, in said county of Jefferson, on the 11th day of January, 1868, and before the finding of this bill, with force and arms' feloniously did assault, beat, and shake, and hold, and restrain Susan L. Rogers, with his hands and arms, and with a large knife and weapon, putting her, the said Susan, in great fear of some serious and immediate injury to her life and limb, with the felonious intent to rob her, the said Rogers, contrary to the form of the statute," &c. The foregoing facts, stated in the indictment as constituting the offense, are held to be sufficient; and, although the offense is not charged in the precise words used in the statute in defining it, it is alleged in words conveying the same meaning, and the variance is, therefore, unimportant. (*Crim. Code, sec.* 137.)

2. Section 2 of article 5, chapter 28, Revised Statutes (1 *Stanton*, 381), contains two distinct provisions, which may be separately stated as follows:

   *First.* "If any person, with an offensive weapon or instrument, shall unlawfully and maliciously assault any other person, with a felonious intent to rob or commit robbery upon such person;" or

   *Second.* "If any person shall, by menace, or in or by any forcible or violent manner, demand any money, goods, or chattels, bond, bill, deed, or will, or other evidences of right, or any thing of value of or from any other person, he shall be confined," &c.

   Under the first, the crime consists in the commission of an assault, with an offensive weapon or instrument, with a felonious intent to rob the person assaulted. Whilst, under the second, the *gravamen* of the offense is the act of demanding money or property with a felonious intent to rob, by menace, or in or by any forcible or violent manner.

3. Evidence in behalf of the Commonwealth of particular facts affecting the credibility of the witnesses for the defendant, that one of them "had been prosecuted for false swearing," and that all of the wit-

nesses introduced by the defendant "belonged to a clique that were banded together to swear negroes out of any offense charged against them," *is inadmissible.*

4. In impeaching the credit of a witness, by general evidence, the examination must be confined to his general reputation, and not be permitted as to particular facts. (18 *B. Mon.,* 792.)

L. A. WOOD,                                          For Appellant,
                            CITED—
*Rev. Stat., sec. 2, art. 5, chap.* 28, 1 *Stant.,* 381.

JOHN RODMAN, Attorney General,                      For Appellee,
                            CITED—
*Criminal Code, secs.* 271, 121.
3 *Met.,* 18 ; *Jane vs. Commonwealth.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellant, William Taylor, was convicted, in the Jefferson circuit court, and sentenced to confinement in the penitentiary for one year, upon an indictment charging him with the crime of committing an assault on Susan L. Rogers, with intent to rob her.

The facts stated in the indictment as constituting the offense, were, that "the said Taylor, in said county of Jefferson, on the 11th day of January, 1868, and before the finding of this bill, with force and arms, feloniously did assault, beat, and shake, and hold, and restrain, Susan L. Rogers, with his hands and arms, and with a large knife and weapon, putting her, the said Susan, in great fear of some serious and immediate injury to her life and limb, with the felonious intent to rob her, the said Rogers, contrary to the form of the statute," &c.

The appellant moved the court in arrest of judgment, and also for a new trial, and both motions were overruled. He seeks a reversal of the judgment in this court.

The first inquiry is, as to the sufficiency of the indictment.

The 2d section, of article 5, of chapter 28, of the Revised Statutes, declares, that "if any person, with an offensive weapon or instrument, shall unlawfully and maliciously assault, or shall by menace, or in or by any forcible or violent manner, demand any money, goods, or chattels, bond, bill, deed, or will, or other evidences of right, or any thing of value, of or from any other person, with a felonious intent to rob or commit robbery upon such person, he shall be confined in the penitentiary not less than one nor more than two years."

It is insisted for the appellant that the indictment is defective, in not alleging that the assault was committed on said Susan L. Rogers, with intent to rob her of some particular thing of value, as of money, goods, or evidence of right. We do not think so. According to our construction of the statute, it contains two distinct provisions, one of which embraces this case, and they may be separately stated as follows:

1st. If any person, with an offensive weapon or instrument, shall, unlawfully and maliciously, assault any other person, with a felonious intent to rob or commit robbery upon such person; or,

2d. If any person shall, by menace, or in or by any forcible or violent manner, demand any money, goods or chattels, bond, bill, deed, or will, or other evidences of right, or anything of value, of or from any other person, he shall be confined, &c.

Under the first of these provisions, the crime consists in the commission of an assault with an offensive weapon or instrument, with a felonious intent to rob the person assaulted; whilst, under the second, the *gravamen* of the offense is the act of demanding money or property with

a felonious intent to rob by menace, or in or by any forcible or violent manner.

We think the indictment in this case states facts constituting a complete offense under the statute, with such certainty as to apprise the defendant of the nature of the accusation against him, and to constitute a bar to any subsequent prosecution for the same offense, and greater certainty in setting forth the offense was not required (*Commonwealth vs. Perrigo*, 3 *Metcalfe*, 5); and although the offense is not charged in the precise words used in the statute in defining it, it is alleged in words conveying the same meaning, and the variance is, therefore, unimportant. (*Criminal Code, sec.* 137.)

But, on another ground, the judgment is deemed erroneous, and must be reversed. One of the grounds assigned for a new trial was, that "the court erred in admitting illegal and incompetent evidence, which was objected to by defendant and excepted to at the time." It appears by the bill of exceptions that the appellant, having proved facts conducing to establish his innocence of the charge, by Caroline Ash, Henry Lancaster, and others, W. G. Reasor was permitted to testify, as rebutting evidence in behalf of the Commonwealth, to particular facts as affecting the credibility of said witnesses, and among them, that said Caroline had been prosecuted for false swearing, and that all of the witnesses introduced by the defendant "belonged to a clique that were banded together to swear negroes out of any offense charged against them."

It is a familiar and well-established rule, that, in impeaching the credit of a witness by general evidence, the examination must be confined to his general reputation, and not be permitted as to particular facts. (*Thurman vs. Virgin and wife*, 18 *B. Mon.*, 792.) The testimony of

Reasor, so far as it detailed particular facts tending to discredit the witnesses, was clearly in violation of the rule referred to; and as an erroneous ruling of the court, "in admitting or rejecting important evidence," is a ground of reversal in this court, the error complained of is fatal to the judgment of conviction in this case.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.