a new trial, and for further proceedings not inconsistent with this opinion.

*Turner, for appellants.*

*Burnam & Caperton, for appellees.*

---

## COMMONWEALTH *v.* WILLIAM TANNER.

**Criminal Law—Sufficiency of Indictment. Robbery.**

To demand the money, goods chattels, etc., of another by menace with a felonious intent to rob, or to commit robbery, is sufficient to constitute the crime under the statute, without a further description.

**Robbery—Indictment.**

To constitute the crime of robbery, the property taken must be of some value certain, that must appear in the indictment.

**Same.**

"Money" or "currency" are judicially known to be of value and an indictment charging the taking of same, is sufficient.

APPEAL FROM KENTON CIRCUIT COURT.

June 9, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Appellee was indicted in the Kenton circuit court for an assault with intent to rob. After a trial and verdict of guilty by the jury, he moved the court to arrest the judgment and dismiss the indictment, both of said motions were sustained, and the Commonwealth has appealed.

The indictment was found under *section 2, article 5, chapter 28, 1 Revised Statutes, 381,* which reads as follows:

> "If any person with an offensive weapon, or instrument, shall unlawfully or maliciously assault, or shall by menace,

or in or by, any forcible or violent manner demand any *money,* goods, or chattels, bond, bill, or will, or other evidences of right or anything of or from any person with a felonious intent to rob, or to commit robbery upon such person, he shall be confined in the penitentiary not less than one or more than two years."

The motions, as we assume from the argument, offered on behalf of appellee were sustained,

1. Because a precise description of the personal property is not given, of which it is alleged appellee intended to rob Maloney. It is charged in the indictment that appellee did on a day named before the finding of the same, unlawfully and maliciously with intent to commit a robbery on the person of Gerald Maloney, in a forcible and violent manner demand of him money and currency, notes, bonds and other personal property of him, said Maloney then, and there being on his person, and then and there by menaces, and by putting in fear, feloniously, unlawfully and maliciously intending to rob him of his money, currency, notes and other personal property as aforesaid.

To demand the money, goods, chattels, etc., of another by menace with a felonious intent to rob, or to commit robbery, is sufficient to constitute the crime under the statute, without a further description, or designating the value of the personal property which may be the subject of the robbery, it must be of some value certainly that must appear in the indictment, and as it is judicially known that money and currency are of value, although the amount may be small, still whatever is money is of value, and as the indictment charges that appellee did feloniously, unlawfully and maliciously intend by menace, etc., to rob said Maloney of money, currency, etc., on his person, the property was sufficiently described.

The description contained in the indictment is precisely the same as that given in the statute defining the offense.

2. The facts alleged in the indictment are sufficient to show the intent to take and carry away the property, and therefore it was unnecessary to aver an intention on the part of appellee to "to steal, take and carry it in so many words away." And of necessity must have been against the will of the owner of the property. The acts alleged as constituting the offense, are the

same as those named in the statute, and are described in its precise language.

But we regard the question involved in this appeal adjudicated in the analogous case of *Taylor against Commonwealth 3 Bush, 508.*

Wherefore the judgment is reversed, and the cause is remanded with directions to overrule the motion in arrest of judgment and to overrule the motion to dismiss the indictment.

R. S. HARMON ET AL *v.* JOHN ROSS' ADMR.

**Bills and Notes—Payment to Administrator for Rent—Demurrer.**
   A note was given the administrator for rent of decedent's property, and upon suit being brought, appellants resist payment upon the ground of a possibility of having to make payment to the heirs for the same debt. Held that a demurrer to this answer was improperly overruled.

**Same—Payment.**
   A payment to a duly qualified administrator is a payment to the heirs of the estate.

**Same—Administrator's Bond.**
   Devisees seeking to recover payment of rent to an administrator would be required to exhaust their remedy against the sureties of the administrator before calling on the tenant for reimbursement.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

December 1, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought on a note executed by appellants to appellee as administrator of John Ross, deceased, for the rent of a farm and ferry of said decedent for the year 1867.

Appellants entered upon the farm and had the undisturbed use of it and the ferry during the time for which they rented them, but controverted the right of appellee to recover on the ground