## STATE v. JOHN WEBB DAVIS.

*Perjury—Insufficiency of Indictment.*

An indictment for perjury which does not aver that the false oath was taken *wilfully* and *corruptly* is defective. These terms must be applied to the act of swearing to express the wicked purpose with which such oath is taken.

(*State v. Carland*, 3 Dev., 114, cited and approved.)

INDICTMENT for perjury tried at Spring Term, 1880, of HALIFAX Superior Court, before *Gudger*, J.

The indictment is substantially as follows: The jurors, &c., present that defendant, &c., on the 15th day of September, 1879, in said county, before William H. Shields, J. P., deputy assessor to John B. Neal, assessor for Caledonia township, Halifax county, duly appointed by the board of county commissioners of said county, on the 21st day of April, 1879, to list and assess all the lands and personal property of said township for the year 1879; whereas upon the examination of said John Webb Davis this day taken before William H. Shields, J. P., deputy assessor to John B. Neal, assessor for Caledonia township, &c., the said defendant listed his property for taxation, to wit, twenty-five acres of land, one cow, no hogs, one horse, valued at twenty-five dollars, and the defendant was then and there sworn upon the Holy Evangelist, &c., by W. H. Shields, J. P., deputy assessor to John B. Neal, assessor, &c., then and there examined upon his oath by said Shields; and he, the said defendant, declared upon his oath, to wit: I, John Webb Davis, do solemnly swear that the list furnished by me contains a true and accurate list of property I am required to list for taxation, and that the value fixed thereon by me is a fair valuation of the same according to my best knowledge, information and belief, so help me God. (Signed by defendant,

and "sworn to and subscribed before me, this 17th day of June, 1879. John B. Neal, assessor, pr. W. H. Shields.") And the jurors, &c., do say that defendant when he declared upon his oath before Shields, J. P., that the list furnished by him contained a true and accurate list of his property which by law he was required to list for taxation, and the value fixed thereon by him was a fair valuation of the same, which was not true; that he did unlawfully and wilfully commit wilful and corrupt perjury, contrary, &c.

The jury rendered a verdict of guilty. Motion in arrest overruled, and judgment pronounced, from which the defendant appealed.

*Attorney General,* for the State.
*Messrs. Reade, Busbee & Busbee,* for defendant.

ASHE, J. The indictment is radically defective in many particulars, and scarcely contains a single requisite of a good bill of indictment for perjury. It shows the danger of a draughtsman's undertaking the task of simplifying and not adhering to established precedents.

It is unnecessary to notice more than one of the many defects in the indictment. It is defective in that it does not aver that the defendant *wilfully* and *corruptly* took the false oath. There is nothing in the indictment to exclude the idea of the false oath having been taken by inadvertence or mistake. The epithets of *wilful* and *corrupt* are indispensable in an indictment for perjury to express the wicked purpose with which the false oath was taken. In the case of *State* v. *Carland,* 3 Dev., 114, which was an indictment for perjury, the judgment was arrested for the omission of these very words to express the evil intent with which the false oath was taken. Chief Justice RUFFIN, who delivered the opinion in that case, says, "Whatever evil intent may be alleged in the indictment as moving the defendant to take

the false oath, the very taking of it must have been stated to have been done deliberately and with a wicked purpose, at that moment existing. This has been expressed by applying the terms, *wilful* and *corrupt*, to the act of swearing. *Cox's case* established that one of these might be supplied by the word *maliciously.* That has been doubted and never followed, though I suppose it might be in a case precisely in point. But in no instance hath the omission of both been allowed. And in a very late case in the King's Bench, in 1826, (*Rex* v. *Stephens*) this very point came directly before the court, when the indictment was held bad, in arrest of judgment. This is of more authority because the statute of 23 Geo. II., ch. 11, provides in that country for simplifying indictments, as our own does here;" and our act of 1842 (Bat. Rev., ch. 32, § 62) is a literal copy of the act of Geo. II.

There is error. This will be certified to the superior court of Halifax county that the judgment in this case may. be arrested.

PER CURIAM.                                      Error.