## THE STATE v. DAY, Appellant.

1. **Criminal Law**: PERJURY: INDICTMENT. Where the statute defines perjury to be wilful and corrupt false swearing, an indictment based upon it must charge that the offense was wilfully committed; the concluding words to that effect will not cure the defect.

2. ———: PRACTICE: CONTINUANCE: DISCRETION. It is within the discretion of the trial court to refuse a continuance asked by a defendant in a criminal cause upon the ground of the absence of material witnesses, where it appears such witnesses are fugitives

The State v. Day.

from justice and that their attendance could not be procured at the last preceding term. The court's action in such case will not be disturbed, where it is not shown that it abused its judicial discretion.

3. ———— : ———— : EVIDENCE : RES GESTÆ. Declarations and acts of a person, in order to be received in evidence, must be contemporaneous and connected with the principal fact; they must constitute a part of the *res gestæ* or serve to illustrate such principal fact.

4. ———— : ———— : DEFENDANT AS WITNESS. In a criminal cause the general reputation of the defendant for morality may be shown, where he testifies as a witness in the case.

5. ———— : ———— : EXCEPTIONS. The appellate court will not review instructions that were not excepted to in the trial court, the rule of the statute on that subject being the same in criminal as in civil cases.

6. ———— : ———— : PERJURY. Where there are several assignments of perjury, proof of any one of them which forms an apparent link in the chain of evidence, and tends to prove the issue, is sufficient.

7. ———— : ———— : ————. It is not necessary that the false statement should tend directly to prove the issue ; if it be circumstantially material, or tends to support and give credit to the witness in respect to the main fact, it is perjury.

8. Practice : CONFLICTING EVIDENCE. The jury are, in general, the sole judges of the sufficiency of the testimony, and a verdict should not be disturbed upon the ground that the evidence is conflicting.

*Appeal from Cedar Circuit Court.*—HON. CHAS. G. BURTON, Judge.

REVERSED AND REMANDED.

*Buller & Loy* for appellant.

(1) The court erred in overruling defendant's application for a continuance. R. S. 1879, sec. 1886 ; *State v. Bradley*, 90 Mo. 160 ; *Frazer v. State*, 2 S. W. Rep. 637 ; *Harris v. State*, 18 Tex. App. 287. The conversations between the doctors and Margaret Lusk was clearly inadmissible as hearsay. *State v. Rider*, 90 Mo. 64 ; *State v. Jaeger*, 66 Mo. 173 ; *State v.*

*Arnold*, 55 Mo. 89; *State v. Sneed*, 88 Mo. 138; *State v. Holme*, 54 Mo. 160; *People v. Cox*, 21 How. [N. Y.] 47; *People v. Beach*, 87 N. Y. 508; *Kirby v. Commonwealth*, 77 Va. 681; 1 Greenl. Ev., sec. 108, note 2; 1 East P. C. 444, 445; 1 Hale P. C. 633. (2) It is respectfully submitted that the evidence as to the defendant's character for morality was improperly admitted. *State v. Huff*, 23 Mich. 17; *Mining Co. v. Johnson*, 23 Mich. 39; *People v. Isdas*, 27 Cal. 630; *Gilchrist v. McKee*, 4 Shults, 380; *Jackson v. Lewis*, 13 John. 505; *Bukeman v. Rose*, 14 Wend. 110; *Shears v. Forrest*, 252 and 435; *Kelham v. Mullen*, 22 Iowa, 502; *Rudsill v. Thingerland*, 18 Minn. 381. (3) The instruction given by the court, on the part of the state, was erroneous. 1 Chitty Crim. Law, 310; Stark C. P. 126; Whart. Indictments and Pleas, 577 and note H. (4) The evidence did not warrant the conviction. *State v. Burgdorf*, 53 Mo. 65; *Robinson v. Musser*, 78 Mo. 152.

*John M. Wood*, Attorney General, for the State.

(1) No exceptions were saved to the giving or refusal of instructions, and they are not subject to review by this court. *State v. McDonald*, 85 Mo. 539, and cases cited. (2) The court had exhausted its process for the absent witnesses, and found that they were fugitives from justice, and that there was no probability of procuring their testimony. Under these circumstances there was no error committed in overruling defendant's application for a further continuance. *State v. Berkley*, 92 Mo. 41. (3) Defendant having testified, it was competent for the state to introduce evidence as to his general moral character, for the purpose of impeachment. *State v. Rider*, 90 Mo. 63; *State v. Palmer*, 88 Mo. 568. (4) The testimony of the doctors, who examined Margaret Lusk, was admissible. From the nature

and character of the defense, it became a material question, as to whether she had been in the habit of having sexual intercourse. And her declarations and conduct at the time can be shown in corroboration of her testimony. *State v. Jones*, 61 Mo. 232; *State v. Warner*, 74 Mo. 83; *State v. Kinney*, 44 Conn. 153; *State v. McLaughlin*, 44 Iowa, 32; *State v. De Wolf*, 8 Conn. 93; *Burt v. State*, 23 Ohio, 394; *State v. Otey*, 7 Kan. 69; 2 Roscoe Crim. Ev., p. 1121; 2 Bish. Crim. Proc., sec. 963. The defendant undertook to establish the truth of the alleged false testimony, by showing that Margaret Lusk had had intercourse with James Messick and other persons, and any testimony, which showed this to be false, including the conduct of said Margaret Lusk, was competent.

SHERWOOD, J.—The indictment upon which the defendant was convicted, omitting immaterial portions, was as follows: That it then and there became and was a material question whether the said James Messick had assaulted said Margaret A. Lusk, with intent her to rape and carnally know. That the said Frank Day, then and there in the trial of said issue upon said preliminary examination upon his oath aforesaid, feloniously, corruptly and falsely before the justice of the peace aforesaid, did depose and swear in substance and to the effect following, that is to say: "that the said Frank Day was on the road on the second day of May, A. D. 1885" (meaning thereby that he, the said Frank Day, was on the road near the place of the alleged assault at the time thereof); "that Jim Messick told me at that time to wait and I could see a circus; that Jim asked her to do it and she objected and said if he would go home with her he might have it" (meaning thereby that he, the said James Messick, asked the said Margaret A. Lusk to have sexual intercourse with him and she then objected, and that she, the said Margaret A. Lusk,

told James Messick that if he would go home with her she would have sexual intercourse with him ); "that they laid down and done it" (meaning thereby that James Messick and Margaret A. Lusk then and there had sexual intercourse with each other, and that the same was done with the voluntary consent and free will of said Margaret A. Lusk, and that the said James Messick did not try to have sexual intercourse with the said Margaret A. Lusk, forcibly and against her will ). Whereas in truth and in fact, the said Frank Day was not on the road on said second day of May, A. D. 1885, at or near the place of the alleged assault at the time thereof, but on the contrary was not present nor in sight of said place ; and whereas in truth and in fact the said James Messick did not tell him the said Frank Day "to wait and I could see a circus," but on the contrary no such conversation was had then and there by and between the said James Messick and the said Frank Day; and whereas in truth and in fact the said "Margaret A. Lusk did not say that if he would go home with her he might have it," but on the contrary no such thing was said by her ; and whereas in truth and in fact they "did not lay down and do it," that is to say have sexual intercourse with each other. But, on the contrary, the said Margaret A. Lusk did not then and there have sexual intercourse with the said James Messick, but refused so to do. and the said James Messick then and there forcibly and against her will tried to drag her into the brush and throw her down and have sexual intercourse with her, but did not succeed in doing so. And so the jurors aforesaid, etc.

The court refused to instruct the jury on behalf of defendant as follows :

" The court instructs the jury that even though they may believe from the evidence that on the second day of May, 1885, James Messick assaulted Margaret Lusk with intent to commit a rape upon her, and that, at the

time and place mentioned in the indictment, the defendant testified as a witness and swore that the said James Messick did not make any such assault, and though they may believe from the evidence that such evidence was untrue, yet they cannot convict the defendant unless they further believe from the evidence that the defendant also at the same time testified that he was on the road on the second day of May, 1885, and that James Messick asked her to do it and she objected and said if he would go home with her he might have it, and that they laid down and done it ( meaning thereby that they had sexual intercourse with one another ), and that the said testimony was also untrue."

And to such refusal the defendant excepted.

And the court also refused to continue the cause till the next term for reason hereafter given.

I. The indictment was based upon Revised Statutes, 1879, section 1418, which declares that: " Every person who shall wilfully and corruptly swear," etc. The word *wilfully* was omitted from the indictment and this renders it bad under the following authorities: Cro. Eliz. 147, 201 ; 2 Chitty's Crim. L. 315 ; 1 Chitty, 241 ; 2 Whart. Crim. Law, secs. 1245, 1286 ; Whart. Crim. Plead. & Prac. [9 Ed.] secs. 235, 264, 269 ; *State v. Carland*, 3 Dev. 114 ; *State v. Davis*, 84 N. C. 787 ; *State v. Webb*, 41 Tex. 67 ; *State v. Delue*, 1 Chand. [Wis.] 166 ; *State v. Juaraqui*, 28 Tex. 625 ; 1 Archb. Cr. Prac. & Plead. 286 ; 2 Bish. Crim. Law, sec. 1046, and cases cited ; *State v. Morse*, 1 G. Greene, 503. And the concluding words of the indictment did not remedy the defect aforesaid. *State v. Herrell*, 96 Mo. 105 ; 5 Bac. Abridg., p. 90 (H.) Title Indictment ; 3 Russ. on Crimes, p. 36 ; 2 Chit. Cr. L. 312, 316 ; 2 Leach, 641 ; 2 Hawk. P. C. 25, sec. 110, p. 357.

II. It is insisted there was error in refusing to grant a continuance. At a previous term there had been a mis-trial, at which time, under the practice then prevailing, an affidavit for continuance was filed and read

in evidence, which affidavit was based upon the absence of Evans and Messick, the latter of whom was the defendant on a charge of attempted rape on Margaret Lusk. At the next term Evans and Messick being still absent, their whereabouts unknown, the court refused to further continue the cause, upon the ground that the two absent witnesses were fugitives from justice. The circumstances, already detailed, show it rested in the sound discretion of the court to say whether it was probable that the attendance of the absent witnesses could be secured at the next ensuing term. As no abuse of judicial discretion is shown, and, as *prima facie*, the ruling of the court was correct, this point must be ruled against the defendant.

III. The day of the preliminary examination of Messick for the alleged assault was July 16, 1885, the date of the alleged assault, the second day of May next preceding. Shortly after said first mentioned date, several physicians were employed by the father of Margaret Lusk to make a personal examination of her to ascertain "*if she had been in the habit of having sexual intercourse.*" These physicians "informed Margaret Lusk that they could tell by examining her person whether she had been in the habit, etc., and that if she had it would militate against her."

This conversation, upon objection of the defendant, was rejected by the court, but against his objection the witness was permitted to state that she "*appeared to understand the nature of the examination, and that she made no objection.*" This testimony was clearly hearsay and utterly inadmissible upon any known rule of evidence. And the act of the girl, in making no objection to the proposed examination, *was as much hearsay as though she had uttered a declaration to that effect* and *that* had been offered in evidence. Whart. Crim. Ev. [9 Ed.] sec. 223. Declarations of a person, in order to be received in evidence, must be contemporaneous and connected with the principal fact,

constitute part of the *res gestæ*, or serve to illustrate such principal fact. 1 Greenl. Ev., secs. 108, 110, 123, 124 ; Whart. Crim. Ev. [9 Ed.] sec. 225 ; *People v. Beach*, 87 N. Y. 508 ; *Kirby v. Commonwealth*, 77 Va. 681.

IV. When testifying as a witness, the character of defendant may be shown to be bad on the score of morality. This is well settled in this state. *State v. Grant*, 79 Mo. 113, and cas. cit. The admission of evidence, therefore, as to the general reputation or character of the defendant for morality, constituted no ground for reversal.

V. The instructions given on behalf of the state by the court, of its own motion, cannot be reviewed here because no exceptions were saved to such instructions. The rule of the statute is that exceptions in criminal prosecutions stand on the same footing as those in civil causes. R. S. 1879, sec. 1921 ; *State v. Marshall*, 36 Mo. 400 ; *State v. Ray*, 53 Mo. 345 ; *State v. Williams*, 77 Mo. 310 ; *State v. Burnett*, 81 Mo. 119 ; *State v. McDonald*, 85 Mo. 539 ; *State v. Pints*, 64 Mo. 317.

VI. As to the instruction asked by the defendant and already set forth, it is sufficient to say that it is too broad in its scope ; it required the state to prove too much. There were four distinct assignments of perjury, and the proof of any one of them which formed an apparent link in the chain of evidence and tended to the acquittal or discharge of Messick was sufficient ; nor is it necessary in such cases that the false statement tends directly to prove the issue in order to sustain an indictment for perjury. If it be circumstantially material or tends to support and give credit to the witness in respect to the main fact, it is perjury. *State v. Wakefield*, 73 Mo. 549 and cases cited ; 2 Wharton's Crim. Law, secs. 1277, 1282, 1301, 1303, 1316, 1322, 1323 and cases cited ; Wharton's Crim. Ev. [9 Ed.] sec. 131.

VII. It is claimed the evidence did not warrant the conviction. If the testimony of the girl and her father

was true, there can be no doubt that the testimony of the defendant was wilfully and corruptly false ; but he was apparently sustained by other witnesses as to his whereabouts on Saturday afternoon, May second, 1885, and in other important particulars, and there was some testimony which likewise tended to support the story told by the girl and her father. It was, however, a most remarkable circumstance that the father, though he saw his daughter struggling in the arms of her assailant and was fully informed of the whole matter by his daughter on the same evening of its occurrence, yet took no steps for the arrest of Messick until two months and upwards after the alleged offense was committed, and only then, it seems from the testimony of one witness, in order to vindicate the reputation of his daughter in respect to whom and Messick ugly rumors had been in circulation in the neighborhood since the second day of May, 1885. But all these things were matters for the consideration of the jury and they, speaking in a general way, are the sole judges of the sufficiency of the testimony.

For the errors aforesaid, the judgment will be reversed and the cause remanded. BLACK and BRACE, JJ., concur ; RAY, C. J., absent ; BARCLAY, J., dissents.