Case 64—INDICTMENT—January 18.

# Commonwealth v. Taylor.

APPEAL FROM SIMPSON CIRCUIT COURT.

1. INDICTMENT FOR FALSE SWEARING.—It is not sufficient to charge in an indictment for false swearing that the defendant "unlawfully and feloniously" swore falsely, etc., but it should be charged, in the language of the statute, that the false evidence was given "willfully and knowingly."

2. SAME.—An indictment for the offense of false swearing alleged to have been committed in giving false evidence before the grand jury should explicitly describe the matter being investigated by the grand jury about which the defendant was testifying when he gave the evidence charged to be false. It is not sufficient that it may be inferred from what is stated.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

As to sufficiency of indictment, see Commonwealth v. Smock, 8 Ky. Law Rep., 143; Ferguson v. Commonwealth, 8 Ky. Law Rep., 257; Commonwealth v. Maynard, 91 Ky., 131; Biggerstaff v. Commonwealth, 11 Bush, 169.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by the Commonwealth from a judgment of the Simpson Circuit Court dismissing the indictment on demurrer. The question is as to the sufficiency of its averments to constitute an offense under the statute, which is as follows: "If any person, in any matter which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall willfully and knowingly swear, depose or give in evidence that which is false, he shall

Commonwealth v. Taylor.

be confined in the penitentiary not less than one nor more than five years." (The Ky. Stats., sec. 1174.)

Counsel for appellee has filed no brief, and the court has no suggestion as to the reasons which influenced the action of the court below. The indictment is defective. It makes this, among other averments: "That the defendant did unlawfully and feloniously and falsely swear and state that he did not know Dan Milliken, when he well did know Dan Milliken." It will be observed that the indictment does not employ the words of the statute descriptive of the offense.

It does not charge that the defendant did, willfully and knowingly, swear, depose or give in evidence before the grand jury that which was false. The word unlawfully has no place in the statute, and does not in any sense have the meaning of either the word willfully or knowingly, independent of or as used in the statute.

The word "feloniously" does not have the legal significance of either the word willfully or knowingly, or of both. Neither of these words is necessary to be used in the indictment. The offense charged is not a common law but a statutory one. It is wholly unnecessary in an indictment charging false swearing under the foregoing section of the statute, to charge that it was "unlawfully" or "feloniously" done. The use of either of the words would be surplusage. Shorn of this surplusage, the indictment simply charges the defendant did "falsely swear," &c. This averment is not sufficient. The defendant could have sworn falsely before the grand jury without commit-

ting any offense under the statute. In order that he
might commit the offense under the statute, he would
have to give the false evidence willfully and know-
ingly.

In the case of the Commonwealth v. Turner, 8 Bush,
2, the prosecution was under a statute which de-
nounced a penalty against any person who should
"*willfully* kill, disfigure or maim any horse," &c.
The indictment charged that the defendant did "*un-
lawfully* shoot and kill a bay mare," &c.   A de-
murrer to the indictment was sustained.   The court
said: "The defendant here is charged with having
*unlawfully* killed the mare of Crutcher.   This he
may have done, and yet may not have done it will-
fully."

It has been held by this court in Taylor v. Common-
wealth, 3 Bush, 511, and Conner v. Commonwealth, 13
Bush, 721, that although an offense is not charged in
the precise words used in the statute defining it, yet
if charged in words conveying the same meaning, the
indictment is good.   But in prosecutions under this
statute, where it is difficult, if not impossible, to find
other words, or by circumlocution, to supply the
place of those used in the statute, the indictment
should follow the precise words of the statute.

In Commonwealth v. Tanner, 5 Bush, 318, the
court said: "When the words of the statute are
descriptive of the offense, the indictment should fol-
low the language, and expressly charge the described
offense on the defendant, or it will be defective."

The indictment was defective, because it did not
explicitly describe the "matter" which was being

investigated by the grand jury, about which the defendant was testifying when he gave the evidence which is charged to be false.

This should have been done, to have fully apprised him of the nature of the charge against him, and that the court might be enabled to determine whether or not the grand jury had authority to make such investigation, and through its foreman administer the oath.

The charge is, that the false evidence consisted in defendant saying he did not know Dan Milliken, and inferentially stating that the purpose of the grand jury was to ascertain if he had seen Dan Milliken gaming. The indictment should have charged that the matter under investigation was the charge of gaming against Dan Milliken

For the foregoing reasons the demurrer to the indictment was properly sustained.

Judgment affirmed.