[Crim. No. 493.   Department Two.—December 17, 1898.]

THE PEOPLE, Respondent, v. J. P. TURNER, Appellant.

CRIMINAL LAW—PERJURY—INDICTMENT—" WILLFULLY FALSE" SWEARING.
An indictment charging the defendant with false swearing contrary to his oath, knowing the same to be false, but not stating in the charging part of the indictment that he *"willfully* and contrary to such oath, stated as true a material matter which he knew to be false," is fatally defective.

ID.—CONCLUSION OF INDICTMENT.—A statement in the concluding part of the indictment, "whereby he, the said" defendant, "did then and there, as aforesaid, willfully, corruptly, contrary to his oath, and knowing his testimony to be false, swear falsely and feloniously, commit willful perjury," is but a mere conclusion of law, and does not avail to cure the defect in the charging part of the indictment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Carroll Cook, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

Tirey L. Ford, Attorney General, and George A. Sturtevant, Deputy Attorney General, for Respondent.

HENSHAW, J.—Defendant, convicted of perjury, appeals from the judgment and from the order denying him a new trial. Of the propositions which he advances in support of his appeal but one need be considered, since it is determinative of the question.

The indictment is fatally defective.   It charged that the defendant did "falsely, feloniously, contrary to his said oath, and knowing the same to be false, swear, take oath, say and give in evidence, among other things, in substance as follows."

By our Penal Code "every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, willfully and contrary to such oath, states as true any material matter which

he knows to be false, is guilty of perjury." (Pen. Code, sec. 118.) This indictment fails to charge that the false swearing was willful. At common law, where willfulness was an essential element of the crime, and in all the states of this country which by statute have adopted a definition of the crime making willfulness an element thereof, it is held uniformly and without exception that the defendant must be charged with willful false swearing, and the willfulness of the act must be proved. "It seemeth that no one ought to be found guilty of this offense without clear proof that the false oath alleged against him was taken with some degree of deliberation." (1 Hawkins' Pleas of the Crown, Curwood's ed., sec. 2, p. 429.)

"It is a general rule that, unless the statute be recited, neither the words *contra formiam statuti,* nor any periphrasis, intendment, or conclusion, will make good an indictment which does not bring the offense within all the material words of the statute; as if . . . . an indictment of perjury on 5 Elizabeth, chapter 9, omit the words *volantarie et corrupte.*" (5 Bacon's Abridgment, 90.)

In *King v. Stevens,* 5 Barn. & C. 246, it was charged against the defendant that he "then and there falsely and maliciously gave false testimony against J. H., by falsely deposing," et cetera. It was held in arrest of judgment that the indictment was bad for not alleging that the defendant willfully and corruptly swore falsely.

By section 5392 of the Revised Statutes of the United States one is guilty of perjury "who willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true." In *United States v. Edwards,* 43 Fed. Rep. 67, it is said upon this statute: "Perjury cannot be committed unless the person taking the oath not only swears to what is false, or what he does not believe to be true, but does so willfully." It was further held that to charge that the statement was falsely and corruptly made was not sufficient in an indictment.

As to the rule in state courts under statutes similar to our own, there may be cited *State v. Perry,* 42 Tex. 238; *Commonwealth v. Taylor,* 96 Ky. 394; *State v. Day,* 100 Mo. 242; *State v. Carland,* 3 Dev. 114; *Green v. State,* 41 Ala. 419; *State v.*

*Morse,* 1 G. Greene, 503; *State v. Delue,* 1 Chand. 166.   And, in further evidence of the universal recognition of the rule, reference may be had to the following learned writers: 2 Chitty's Criminal Law, 315; 3 Russell on Crimes, 36; Wharton on Criminal Law, 1245; 2 Bishop's New Criminal Law, secs. 1045, 1046.

The indictment concluded in the following language: "Whereby he, the said J. F. Turner, did then and there, as aforesaid, willfully, corruptly, contrary to his oath, and knowing his testimony to be false, swear falsely, and feloniously, commit willful perjury." This language is but a mere conclusion of law, and does not avail to cure the defect in the charging part of the indictment. (*State v. Carland, supra; State v. Day, supra; Commonwealth v. Taylor, supra;* 2 Bishop's New Criminal Procedure, sec. 903.)

The judgment and order are, therefore, reversed and the cause remanded.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.