## Commonwealth v. Bandy.

Oct. 13, 1942.

722

Hubert Meredith, Attorney General, and William F. Neill, Assistant Attorney General, for appellant.

J. R. White for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE PERRY—Certifying the Law.

George F. Bandy was indicted for violation of Section 1213a, Kentucky Statutes, as amended by Acts of 1930, chapter 179, known as the "Cold Check Law."

The trial court sustained a general demurrer to the indictment accusing the appellee, Bandy, of the crime of unlawfully and with intent to defraud uttering and delivering a check for the payment of money upon a bank, when knowing at the time of such delivery that he had not sufficient funds in such bank for the payment of said check in full upon its presentation.

This indictment, found under Section 1213a as stated supra, charges as follows:

> "The said George F. Bandy in the said County of Barren, on the — day of Dec., 1939, and within twelve months before the finding of this indictment, did unlawfully, wilfully and feloniously make, draw and utter a check for the payment of money, drawn upon a bank, when he, the said Bandy, the maker, drawer and utterer of said check, well knew at the time of such making, drawing and uttering that *he had not sufficient funds in said bank to pay the check in full upon its presentation.*" (Italics ours).

The said check is in words and figures as follows, to-wit:

> "Bandy Produce Co. No. 486 Poultry and Eggs Glasgow, Kentucky. Dec. 22, 1939. Pay to the order of C. W. Reams $75.00 Seventy five no/100 Dollars New Farmers National Bank, Glasgow, Kentucky. Bandy Produce Co. By George F. Bandy."

Further the indictment charges that the uttering and delivery of this check was "done with the intent to defraud the said C. W. Reams and injure him in his lawful rights and estates" and "contrary to the form of the statute in such cases made and provided," etc.

It is to be noted that this indictment charges that the defendant committed the offense by drawing and uttering a check upon the bank when he, the maker and drawer of said check, knew at the time of such making, etc., that "he had not sufficient funds in said bank to pay the check in full upon its presentation," whereas Section 1213a of the statutes, under which the indictment was found, describes the denounced offense in the following language, setting out an additional or alternate way and manner of committing the statutory offense of uttering a worthless check, with fraudulent intent, from that described in the indictment, in that the amended act reads:

> "Any person who with intent to defraud shall make or draw or utter or deliver any check, draft, or order for the payment of money upon any bank or depository, knowing at the time of such making, drawing, uttering, or delivery that the maker or drawer has not sufficient funds in *or credit* with such bank or other depository for the payment of such check,

draft or order in full upon its presentation'' (italics ours) shall be guilty of a felony if the check, etc. be for $20 or over.

Further this statute provides that ''the making, drawing, uttering, or delivering of such check, draft, or order * * * shall be strong prima facie evidence of intent to defraud.''

From the above statement of the language of the statute, it is to be observed that there is a material difference between the language of the indictment, providing that the statutory offense of uttering a worthless check is committed in the one way prescribed, by the uttering or delivery of a check, draft, etc., for the payment of money upon any bank or depository, when knowing at the time of such making, drawing and delivery that the maker or drawer *has not sufficient funds in said bank to pay the check in full upon its presentation,* whereas the language of the statute upon which the indictment is found goes further by providing, as to the way and manner of the commission of this offense, that ''any person who with intent to defraud shall make or draw or utter or deliver any check * * * for the payment of money upon any bank or depository, knowing at the time of such making * * * that the maker or drawer has not sufficient funds in *or credit with* such bank or other depository for the payment of such check'' shall be guilty of a felony if the check be for $20 or over.

Under the language of the indictment, evidently following that of the statute before its 1930 amendment, it is clear that the statutory offense is committed only in the one way and manner described therein, of uttering and delivering with intent to defraud a check for the payment of money, drawn upon a bank when the maker thereof knows at the time of such making and delivery of the check that he has not sufficient funds in such bank to pay the check in full upon its presentation.

Thus it appears that the language of the indictment provides that anyone drawing such check in the manner stated is guilty of the statutory offense described and defined by Section 1213a, where he knows at the time of drawing the check that he has not sufficient funds in the bank to pay same in full upon its presentation, whereas the language of the amended statute (in effect when the indictment was found) reads that the offense charged is

committed not only when one, with fraudulent intent, draws and delivers a check upon a bank, knowing at the time of uttering and delivering it that he has not sufficient funds in the bank for its payment in full upon presentation, but when he knows that he has no credit with the bank or depository and therefore can not expect the bank to pay the check or order in full upon its presentation.

We are of the opinion that the variance stated between the language of the indictment and that of the statute constitutes such a material variance that the lower court rightly sustained the demurrer thereto, in that the indictment failed to set out the additional ground of defense to the charged crime that the accused was guilty of the offense if he knew at the time of uttering the check that he did not have sufficient funds in the bank or credit with it for the payment of the check issued by him in full upon its presentation.

The rule as to this is that where the words of the statute are descriptive of the offense, as here, the indictment will be sufficient if it shall follow the language and expressly charge the described offense of the defendant. Davis v. Commonwealth, 76 Ky. 318, 13 Bush 318; Commonwealth v. Landis, 29 Ky. 445, 112 S. W. 581. Also the rule is that where the offense is a statutory one, an indictment in the language of the statute is sufficient. Robertson v. Commonwealth, 269 Ky. 317, 107 S. W. (2d) 292. However, even if an offense is not charged in the precise words used in the statute in defining it, if it is alleged in words conveying the same meaning it will be sufficent. Taylor v. Commonwealth, 66 Ky. 508, 3 Bush 508; Moore v. Commonwealth, 92 Ky. 630, 18 S. W. 833; Barnett v. Commonwealth, 195 Ky. 699, 243 S. W. 937.

As pointed out supra, the language of the indictment describing this statutory offense does not follow the language of the statute, in that it omits its provision that the accused may defend against his charged violation of the statute either by showing that he did not issue the check with fraudulent intent in that he did not at the time of drawing and delivering the check know that he did not have funds in the bank upon which it was drawn sufficient to pay the check in full upon its presentation or did not have credit with the bank, thus negativing upon either ground his commission of the charged offense.

It is common knowledge that checks are every day drawn upon banks in good faith and without fraudulent intent by the drawer, when knowing at the time that he has not sufficient funds in the bank with which to pay the check in full upon its presentation, but yet has credit with such bank by reason of a private arrangement or understanding had with it, which justifies drawer in his belief that the bank will, according to such understanding or arrangement had with it, pay the check in full upon its presentation.

While the statute makes the uttering or delivering of an instrument such as this, in the manner therein set out, prima facie evidence of the intent to defraud, this is prima facie evidence only and may be rebutted by the facts and circumstances of the case, as hereinabove indicated.

In the case of King v. Commonwealth, 203 Ky. 163, 261 S. W. 1096, 1097 the court quotes with approval from the case of Commonwealth v. Hammock, 198 Ky. 785, 250 S. W. 85, where the lower court sustained a demurrer to the indictment and this court in certifying the law of the case said:

"The crime is not committed unless the issuing of the check, draft, or order was with intent to defraud. If it were not issued with intent to defraud, and its issual could not have been, under the facts, a fraud, no violation of the statute results."

Further the court states in the King case, supra, that:

"The statute is based on the principle that the drawing or uttering of a check is an implied representation that the drawer has present funds [on deposit] to meet it. By its provisions, if such funds are not present and this is done with the intent to defraud, a crime is committed, and the act of drawing or uttering is made prima facie of such intent."

For the reasons hereinabove indicated, it is our conclusion that the indictment before us is prejudicially defective by reason of its having omitted the second or additional defense, given by the amended statute, of the defendant's having credit with the bank, which would serve, should same be shown, to negative the presumption that the check was issued with fraudulent intent; and also, by reason of such failure of the indictment to

substantially follow the language of the statute, we are of the opinion that the trial court properly sustained the demurrer to the indictment and the law is so certified.

Wherefore this opinion is certified as the law of the case.