(89 App. Div. 123.)

### PEOPLE v. ROTHSTEIN.

(Court of General Sessions, Kings County. December, 1903.)

1. FALSE PRETENSES—REPRESENTATIONS AS TO CREDIT — REASONABLE DOUBT.

    An alleged false representation of a purchaser charged to have induced certain merchants to sell to the purchaser's firm cloth, to the effect that the firm had an order from a responsible party for the goods when manufactured, relates to the purchaser's "means or ability to pay," within Pen. Code, § 544, and must be in writing, and signed by the party to be charged therefor; and where such representation was not in writing, defendant, convicted on an indictment under Pen. Code, § 528, making it larceny to obtain property from another by false representations or pretense, will be granted a certificate of reasonable doubt.

Louis J. Rothstein was convicted of larceny, and applies for certificate of reasonable doubt. Certificate granted.

Eugene V. Brewster, for the motion.
Howard S. Gans, opposed.

GAYNOR, J. The indictment charges the defendant with grand larceny in the first degree in that he induced a named firm of merchants to sell and deliver to his firm on credit a quantity of cloth to be used by his said firm in their business of manufacturing garments, by falsely and fraudulently representing to the said selling firm that his said firm had an order for the garments, which said cloth was to be used to make, from a large and responsible mercantile corporation which he named.

The indictment is under that part of subdivision 1 of section 528 of the Penal Code which makes it larceny to obtain property from another "by color or aid of fraudulent or false representation or pretense, or of any false token or writing."

But section 544 provides that "a purchase of property by means of a false pretense is not criminal, where the false pretense relates to the purchaser's means or ability to pay, unless the pretense is made in writing and signed by the party to be charged."

The alleged false pretense here was not in writing and signed by the defendant; but the learned district attorney claims that it did not

need to be, for the reason that it did not "relate to the purchaser's means or ability to pay." What then did it relate to? And if it did not relate to the purchaser's means or ability to pay, of what consequence was it at all? The defendant has been convicted only because the false representation was the inducing cause of the sale. And how was it such inducing cause? Why, plainly, only because it related to the purchaser's means, ability and prospect of paying when the credit should fall due. If this be not so, it was not the inducing cause at all, but void and harmless. A statement by a manufacturer of the responsible contracts he has on hand for the sale of his manufactures, in order to induce another to sell him on credit goods to use in his manufacture, is certainly relative to his means and ability of paying for such goods. His plant, his stock on hand, his bills receivable, his contracts for future delivery, each and all, show his means and ability to pay his debts as they mature in the future, and go to show what his general financial condition is.

The learned district attorney supposes the case of the defendant having assigned to the sellers as security a forged contract for the sale of his manufactures, or a forged bond, in order to induce them to sell, and point out that the defendant's signed writing would not have been essential in such a case, and claims that the present case is the same. But it is not the same. The supposed case would come under the words of the statute, by a "false token or writing." The other supposed cases, of a worthless check, of depositing as security property as one's own which belongs to another, of personating a rich man, seem to be as plainly inapplicable. The sale in such cases is not made on the credit of the purchaser—it is not offered at all, or else is refused—but on the fraudulent security or personation; whereas in the case at bar the purchaser bought on his own credit, which he bolstered up by showing the state of his business, i. e., that he had a large live order for his manufacturers, and therefore had means and would be able to pay.

Let the certificate issue.