## PEOPLE v. WHITNEY.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. FALSE PRETENSES (§ 4*)—ELEMENTS OF OFFENSE.

To constitute grand larceny by false pretenses, it must be shown that defendant knowingly made false representations as to an existing fact, with the qualification that, if it relates to his ability to pay for goods purchased, it must be in writing and signed by him as required by Penal Law (Consol. Laws 1909, c. 40) § 947; and reliance must have been placed on the representation, and by means thereof property must have been obtained by defendant with intent to defraud.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 1; Dec. Dig. § 4.*]

2. FALSE PRETENSES (§ 9*)—REPRESENTATIONS TO INDUCE CREDIT—NECESSITY OF WRITING—RELIANCE.

Penal Law (Consol. Laws 1909, c. 40) § 947, provides that a purchase of property by means of a false pretense is not criminal, where the false pretenses relate to the purchaser's ability to pay, unless it is made in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

writing and signed by the party to be charged. *Held*, that an oral representation by defendant preliminary to the purchase of certain goods that he was the owner of a quantity of diamonds deposited with T. & Co., which representation was not relied on by the seller except to create an impression in his mind that defendant was well to do, was insufficient to sustain a conviction for grand larceny by false pretenses.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 14; Dec. Dig. § 9.*]

Appeal from Court of General Sessions, New York County.

Edgar A. Whitney was convicted of grand larceny, and, from orders denying motions for a new trial and an arrest of judgment, he appeals. Reversed and remanded.

See, also, 134 App. Div. 952, 118 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Clark L. Jordan, for appellant.
Robert S. Johnstone, for the People.

DOWLING, J. The defendant was indicted for the crime of grand larceny in the second degree for having obtained from the firm of Moskowitz Bros. property of the value of $162.25, consisting of curtains and bedding, by. feloniously, fraudulently, and falsely pretending and representing to the said copartners that he was the owner of a large quantity of diamonds, and had deposited the same with the corporation called Tiffany & Co., and that the same were then in the custody of the said corporation, by color and aid of which fraud and fraudulent pretenses and representations defendant obtained said property, whereas, in fact, said representations were untrue, and the defendant was not the owner of any diamonds, nor did he deposit the same with Tiffany & Co. or any other person.

We deem it unnecessary to discuss the exceptions presented by the record; for, while some of them are of sufficient gravity to warrant the granting of a new trial, the conclusion which we have reached as to the nature of the offense itself renders their discussion unnecessary. Defendant claims that, even conceding that the prosecution esablished the facts charged in the indictment, the crime of grand larceny by the aid of fraudulent or false representations was not committed, because of the provisions of section 544 of the Penal Code, which, so far as material, are as follows:

"A purchase of property by means of a false pretense is not criminal, where the false pretense relates to the purchaser's means or ability to pay, unless the pretense is made in writing and signed by the party to be charged."

This section now forms section 947 of the penal law.

[1] To constitute the crime of grand larceny by false pretenses, four elements must concur: (1) The making of a knowingly false representation as to an existing fact, qualified by the section in question so that it shall not refer to the defendant's means or ability to pay. (2) Reliance upon the representation. (3) The obtaining of the property by means thereof. (4) An intent to defraud.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] In this case the salesman for Moskowitz Bros., to whom the representation is claimed to have been made, testified that he sold goods to defendant relying upon the strength of his being a very well-appearing man, wearing diamonds, having a nice watch and chain, and upon his statements that he owned the Suburban Home Builders Company, that he owned lots of diamonds in the vaults of Tiffany & Co., and promised to pay cash upon the receipt of the goods. As a matter of fact, he never did pay cash, but gave a note which was accepted by Moskowitz Bros., went to protest, and was never paid. It may well be argued upon an examination of the record that the statement that defendant had diamonds in Tiffany's vaults played no part in the obtaining of credit for the goods in question, for the witness had omitted to include that statement in his testimony in the Magistrate's Court (it evidently having then made but little impression on him), and the goods were not delivered until the defendant had given reference as to his financial standing.

The testimony of Moskowitz established that the representation that defendant had diamonds in Tiffany's only made the impression upon him that the man was well to do, and would pay for the goods as soon as he received them, and was good for the amount. It is plain that, if this representation as to his ownership of diamonds in the custody of a third party was made by defendant, he had no other purpose and meant to produce no other result save to make false pretense as to his means of ability to pay. It was so understood by the persons to whom he had made the representations and to whom it was communicated, and it could have no other logical effect. It amounted to a statement that he was able to pay for the goods he ordered because he had means to pay therefor in the shape of property consisting of diamonds, convertible into cash, in the custody of a reputable house, easily accessible. As was pointed out by Cullen, J., in People ex rel. Cockram v. Hyatt, 172 N. Y. 187, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706, this section "doubtless was dictated by the knowledge that criminal charges of false pretenses are often instituted in reality to compel the payment of debt and are easily fabricated." In People v. Rothstein, 180 N. Y. 148, 150, 72 N. E. 999, 1000, the representation made by the defendant was that he had an order for 6,000 cloaks from a large commercial house in Chicago requiring 24,000 yards of covert cloth for their making, and for that purpose he obtained 1,000 yards of such cloth from the plaintiffs. That amounted to a representation as to the purpose to which the goods were to be applied when obtained. The court said:

"It was doubtless the intention of the Legislature in enacting this section to require direct representations of the defendant's means or ability to pay to be in writing. If he states that he is worth so much in money, has so much on investment, and so much due him from solvent debtors, or any other representations bearing directly on his ability to pay, they must be in writing. There are, however, many cases referring to oral statements that relate to an existing fact inducing a sale or parting with the possession of personal property and consequently constituting a false pretense, and they will sustain an indictment and need not be in writing."

So in People v. Snyder, 110 App. Div. 699, 97 N. Y. Supp. 469, the court reiterated the rule that a false representation must be of an independent fact, not relating solely to financial ability, if it was sought to be held criminal when not in writing.

We are of opinion, therefore, even assuming that Moskowitz Bros. relied upon defendant's representation as to the diamonds in selling him the goods in question (of which upon the record there is grave doubt), still that representation referred solely to the defendant's means or ability to pay, and, not being in writing, no crime was committed.

The judgment and order appealed from should therefore be reversed, the indictment quashed, and the prisoner discharged. All concur.