## Commonwealth v. Hightower.

(Decided October 1, 1912.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—Confederating and Banding Together for a Felonious Purpose—Repeal of Statute.—Section 1223 of the Kentucky Statutes, relating to the subject of persons unlawfully banding together to do some felonious act, was repealed by section 1241a of the Kentucky Statutes.

2. Criminal Law—Indictment for Statutory Offense.—Under an indictment for a statutory offense, if the indictment contains averments not necessary to constitute the offense under the statute, it is not essential that the Commonwealth should introduce evidence to prove the unnecessary averments.

3. Criminal Law—Instructions for Statutory Offense.—Under an indictment for a statutory offense, it is only necessary that the instructions should describe the offense as it is described in the statute. It is not required that the instructions should contain surplus words used in the indictment.

4. Criminal Law—Evidence of Statutory Offense.—Although an indictment for a statutory offense may contain averments not necessary to describe or constitute the offense, it is only necessary to sustain a conviction that the Commonwealth should prove the commission of the offense described in the statute.

JAMES GARNETT, Attorney General, J. B. SNYDER, Commonwealth's Attorney Thirty-fourth Judicial District for appellant.

S. A. SMITH, K. D. PERKINS and C. S. WILSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Certifying opinion as law of case.

The appellee Hightower and one Bishop were indicted by the grand jury of Whitley County, it being charged that they "did unlawfully, wilfully and feloniously confederate and band themselves together for the purpose of intimidating, alarming and disturbing M. Seargant, and did in pursuance of said confederating and banding themselves together, intimidate, alarm and disturb the said Seargant by going to and upon him armed and by threatening, cursing and abusing him, threatening to kill him, and to kill and destroy his family—his wife and children—against the peace and dignity of the Commonwealth of Kentucky."

Upon the conclusion of the testimony for and on behalf of the parties, the court gave to the jury among others this instruction:

"If you believe from the evidence beyond a reasonable doubt that the defendant Thomas Hightower and H. C. Bishop, in Whitley County, and before the finding of the indictment, unlawfully, wilfully and feloniously confederated and banded themselves together for the purpose of intimidating, alarming or disturbing M. Seargant, and in pursuance of and in obedience to said confederating and banding together the defendant Thomas Hightower did go to and upon the said Seargant armed, and threatened, cursed, and abused him, for the purpose of intimidating, alarming or disturbing the said Seargant, then you should find the defendant, Thomas Hightower, guilty of the crime charged in the indictment of confederating and banding together for the purpose of alarming, intimidating, disturbing or injuring another person."

The jury acquitted Hightower, and the Commonwealth prosecutes this appeal for the purpose of having certain questions of law settled for the guidance of the trial court on the trial of Bishop and in the trial of other similar cases.

There are two statutes on the subject of confederating to intimidate. One is section 1223 of the Kentucky Statutes, reading:

"If two or more persons shall unlawfully confederate or band themselves together, and go forth armed or disguised, for the purpose of intimidating or alarming any person, or to do any felonious act, they shall each, on conviction, be imprisoned in the penitentiary not less than six nor more than twelve months."

The other is section 1241a of the Kentucky Statutes, reading:

"If any two or more persons shall confederate or band themselves together for the purpose of intimidating, alarming, disturbing or injuring any person or persons, or to rescue any person or persons charged with a public offense from any officer or other person having the lawful custody of any such person or persons with the view of inflicting any kind of punishment on them, or with the view of preventing their lawful prosecution for any such offense, or to do any felonious act, they, or either of them, shall be deemed guilty of a felony, and upon conviction shall be confined in the penitentiary not less than one nor more than five years."

Section 1223 is a part of the act on the subject of Crimes and Punishments, which became a law in 1893, while section 1241a is section 1 of an act adopted in 1902. It will be observed that to constitute the offense described in section 1223, it is essential that the persons should not only unlawfully confederate together, but that they should go forth "armed or disguised" for the purpose of intimidating or doing some felonious act; while under section 1241a the offense is committed if two or more persons shall confederate or band themselves together for the purpose of intimidating, disturbing or injuring any person, or to do any felonious act, and it is not necessary to complete the offense that they should be either armed or disguised. Section 1241a describes the offense of unlawfully confederating in a more comprehensive manner than does section 1223, and a conviction might be had under section 1241a upon less evidence than would be required to secure a conviction under section 1223. In other words, the object sought to be attained by section 1223 is more fully accomplished by section 1241a.

In Buchanan v. Commonwealth, 96 Ky., 334, the court held that section 1223 was intended to take the place of an act of 1873, which was more comprehensive than section 1223, and very similar to the act of 1902.

While the act of 1902 does not in terms repeal section 1223, we are yet of the opinion from a consideration of the subject of these acts that it was intended that the act of 1902 should be a substitute for and take the place of section 1223, and that section 1223 is by necessary implication repealed by the act of 1902. This being our conclusion, it follows that it is not necessary in an indictment for confederating to injure or disturb, to charge that the persons went forth either armed or disguised. An indictment in the language of subsection 1 of section 1241a, with the addition of such averments as may be necesary to describe the offense, will be sufficient. It is difficult to say whether the indictment in this case was intended to be for a violation of section 1223 or section 1241a. The use of the word "armed" seems to imply that the indictment was intended to cover a violation of section 1223. If an indictment should be found under section 1241a, and the pleader should insert in the indictment that the accused went forth "armed" or "disguised," or both, it would not be necessary to

prove that they did either, or, to instruct the jury that they should believe that they did either, before a conviction could be had, as these unnecessary words should be treated as surplusage, both in the introduction of evidence and the giving of instructions. Or, to state it differently, when the statute describes an offense in such a manner that it is only necessary that the indictment should follow the statute, if the pleader incorporates in the indictment words not found in the statute and that are not necessary to describe or constitute the statutory offense, it is not required that the Commonwealth should sustain by evidence these unnecessary averments or that the court should incorporate them in the instructions. It is only necessary that the evidence should be sufficient to constitute the offense described in the statute, and the instructions should be confined to a statement of the acts constituting the offense as found in the statute. As the indictment, without the use of the word "armed" was sufficient to describe the offense denounced by section 1241a, it was error for the court to use the word "armed" in the instruction.

This opinion is ordered to be certified to the lower court as the law of the case.