## Commonwealth v. Boyd.

(Decided September 24, 1918.)

## Appeal from Jefferson Circuit Court.

1. Criminal Law—False Pretenses—Statutes— Repeal.— Kentucky Statutes, section 1208, being a general false pretense statute, was, in so far as it relates to false representations respecting one's financial condition or means or ability to pay, repealed by the Act of 1914, embodied in Kentucky Statutes, section 1213b, making it an offense for anyone to make a false representation in writing respecting the financial condition or means or ability to pay, of himself or any other person, firm or corporation, in whose interest or for whom he is acting for the purpose of procuring in any form whatsoever, the delivery of personal property, the payment of cash, the making of a loan or credit, etc.

2. Statutes—Repeal—Expressed Repeal—Implied Repeal.—Though repeals by implication are not favored, yet where two statutes are repugnant to each other, the latter prevails.

C. H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellant.

ARTHUR BENSINGER for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

W. C. Boyd was indicted by the grand jury of Jefferson county for the crime of obtaining personal property by false pretenses. A demurrer was sustained to the indictment and the Commonwealth appeals.

It appears from the indictment that the defendant had a contract with the board of education of the city of Louisville for the installation of heating and ventilating apparatus in the Central Colored High School. To carry out this contract he purchased from the prosecuting witness pumps and drip pans of the aggregate value of $280.00. The false pretense relied on was the statement by the defendant that there was then due him under his contract with the board of education the sum of $5,401.00, whereas there was due the defendant the sum of only $2,865.00. Section 1208, Kentucky Statutes, is as follows:

"If any person, by any false pretense, statement or token, with intention to commit a fraud, obtain from another money, property or other thing which may be

the subject of larceny, or if he obtain by any false pretense, statement or token, with like intention, the signature of another to a writing, the false making whereof would be forgery, he shall be confined in the penitentiary not less than one nor more than five years."

In the year 1914 the General Assembly passed an act entitled, "An act to punish the making or use of false statements to obtain property or credit, and making certain offenders personally liable." This act became a law March 13, 1914, and is embraced in section 1213b, Kentucky Statutes, which provides in part as follows:

"Any person, who shall knowingly make or cause to be made, either directly or indirectly, or through any agency whatsoever, any false statement in writing with intent that it shall be relied upon *respecting the financial condition, or means or ability to pay,* of himself, or any other person, firm or corporation, in whom he is interested or for whom he is acting, for the purpose of procuring in any form whatsoever, either the delivery of personal property, the payment of cash, the making of a loan or credit, the discount of account receivable or the making, acceptance, discount, sale or endorsement of a bill of exchange, or promissory note, for the benefit of either himself or of such person, firm or corporation . . . shall be guilty of a felony, etc."

The false representation in this case was not in writing and the demurrer to the indictment was sustained on the ground that section 1208, Kentucky Statutes, *supra,* was repealed and superseded by section 1213b, *supra,* in so far as the false statement related to one's financial condition, or means or ability to pay. The Commonwealth takes the position that the indictment is good under section 1208, which does not require the false statement to be in writing, and that, as repeals by implication are not favored, that section was not affected by section 1213b. There can be no doubt that the false representation related solely to the defendant's financial condition or ability to pay. People v. Whitney, 130 N. Y. Supp. 465; People v. Rothstein, 85 N. Y. Supp. 1076. The only question to be determined, therefore, is what effect section 1213b has on section 1208. The latter section "doubtless was dictated by the knowledge that criminal charges of false pretenses are often instituted in reality to compel the payment of debt and are easily

fabricated." People ex rel. Cockram v. Hyatt, 172 N. Y. 187, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706. In dealing with the question of false pretense in so far as it relates to one's ability to pay, section 1213b is very comprehensive and shows an evident purpose to deal with the whole subject, and since it adds a new element to the crime, thus making it inconsistent with and repugnant to the former statute, we conclude that it necessarily repeals the former statute to the exent indicated, but no further. Head v. Commonwealth, 165 Ky. 603, 177 S. W. 732; Commonwealth v. Cain, 14 Bush 535; Commonwealth v. Hightower, 149 S. W. 971. In other words, if the false representation relates to one's financial condition or ability to pay, it must be in writing, but if it relates to any other independent fact, it need not be in writing. It follows that the demurrer to the indictment was properly sustained.

Judgment affirmed.