## Commonwealth v. Dant, et al.

(Decided May 5, 1922.)

### Appeal from Spencer Circuit Court.

1. Criminal Law—Sales of Corporate Stock—False Representations.—Section 1213b, Kentucky Statutes, provides that false representations as to financial condition or ability to pay must be in writing before the criminal liability attaches, and applies to sales of corporate stock.

2. Criminal Law—Sales of Corporate Stock—False Representations.—Representations that a pump manufactured by the corporation was protected by patent; that for every pump made $100.00 in cash was set aside for the stockholders and that the overplus above the 25% commission allowed for selling the stock went into the treasury of the company to expand its business held to relate to the company's financial condition or ability to pay; and that an indictment for obtaining money for the stock of the corporation by falsely making such representations was fatally defective that did not allege same were made in writing.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellant.

ARTHUR B. BENSINGER and DAVID R. CASTLEMAN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellees, J. P. Dant and J. P. Dant, Jr., with several others were jointly indicted for obtaining money under false pretenses. A demurrer was sustained to the indictment, and the Commonwealth has appealed.

The indictment charges, in proper form and terms except as noticed hereinafter, that the appellees and others, in conspiracy with and through the agency of W.

Von Stallard, procured a Mr. Shields to purchase shares of stock in the Visible Measure Gasoline Dispenser Company and to pay therefor $3,000.00 by falsely representing to him:

"(1). That said company had reached such a point of development and production that it was making at said time a net profit of $2,000.00 a day, and (2) there was at said time an accumulated profit of 25 to 40%, which was then ready to be paid to said stockholders; (3) that there was not a dollar of promotion stock in the company other than what was allotted to J. H. Brady, the patentee of the pump then used by said company in conducting its business; (4) that said pump which was used in said company's business was protected by a patent in every country in the world except one; (5) that for every pump made, $100.00 in cash was set aside for the stockholders of said company which was not to be used for any other purpose; (6) that the overplus above the 25 per centum commission allowed for selling the stock went into the treasury of the company to expand its business; (7) that the shares of stock in said company at said time had an actual cash value of more than $20.00 per share each—the par value being $10.00 per share; (8) and made other false and fraudulent statements relative to said company and its business."

The indictment was held to be defective by the circuit court, as is the contention here, solely because it fails to aver that these alleged false representations were made in writing, and that this was required by section 1213b, Kentucky Statutes. Admitting that the demurrer was properly sustained if this section is applicable, the Commonwealth insists that it does not apply:

(1) Because a sale of shares of stock in a corporation and the payment therefor is not within the provisions or contemplation of the section, and (2) because some of the alleged false representations do not relate to the financial condition or ability to pay of the corporation about which they were made, and are not therefore within the statute.

Section 1213b, in so far as pertinent, reads:

"Any person, who shall knowingly make or cause to be made, either directly or indirectly, or through any agency whatsoever, any false statement in writing with intent that it shall be relied upon respecting the financial condition, or means or ability to pay, of himself, or any other person, firm or corporation, in whom he is in-

terested or for whom he is acting, for the purpose of procuring in any form whatsoever, either the delivery of personal property, the payment of cash, the making of a loan or credit, the discount of account receivable or the making, acceptance, discount, sale or endorsement of a bill of exchange, or promissory note, for the benefit of either himself or of such person, firm or corporation . . . shall be guilty of a felony, etc.''

Prior to the enactment of this section in 1914 it was not necessary, under section 1208 of the statutes then in force and denouncing the same crime, that the false representations should be made in writing in any case. In Commonwealth v. Boyd, 181 Ky. 382, however, we held that section 1208 was repealed by section 1213b in so far as representations relating to one's financial condition or ability to pay was concerned, and that such representations must now be in writing before there is criminal liability, but that if the false representations related to any other independent fact, section 1208 would still apply and they need not be in writing.

In reaching this conclusion, we held that section 1213b is very comprehensive and shows an evident purpose to deal with the whole subject. That this is true is at once apparent from the very comprehensive language that is employed. Giving any force to its terms, the section cannot possibly be limited, as the Attorney General suggests rather than contends, to commercial transactions in which an extension of credit or other thing is sought and obtained by a purchaser upon false representations of financial condition or ability to pay.

The section clearly covers all representations relating to financial condition, as is plainly stated, ''that are made, *for the purpose of procuring in any form whatever,* either the delivery of personal property, *the payment of cash,* the making of a loan or credit, etc.'' The purpose of the representations here alleged to be false is averred to have been to induce the prosecuting witness to pay money for corporate stock. This certainly falls within the letter and terms of the statute, and there is no room for a construction that would exclude it; nor does the statute contain any intimation of a legislative purpose to confine its application to purchasers seeking credit or property, and to exclude those selling property upon credit or for cash. The first contention of appellant is therefore without merit.

Counsel seem to concede that the representations designated above as (1), (2), (3) and (7) relate to the financial condition of the company, as they clearly do, and we think this is also true as to representations (4), (5) and (6), while the eighth is so general as to be of no force or effect.

The representation that the pump which the company was engaged in manufacturing and selling was protected by a patent, is but a representation as to the value of the company's chief asset upon which the value of its stock and its ability to pay dividends thereon largely depended, and certainly does not relate to any fact independent of and disassociated with its financial condition or ability to pay. So also with representations (5) and (6) that "for every pump made $100.00 in cash was set aside for the stockholders" and "that the overplus above 25% commission allowed for selling the stock went into the treasury of the company to expand its business," if indeed these representations were not promissory in nature rather than statements of existing facts.

We are therefore of the opinion that the transaction and representations covered by this indictment come within the plain terms of section 1213b of the statutes, under which, as interpreted in Commonwealth v. Boyd, *supra,* the representations must have been made in writing before any criminal liability attaches.

It results, therefore, that the trial court did not err in sustaining the demurrer to the indictment, and the judgment is affirmed.