## Hatcher v. Commonwealth.

(Decided April 17, 1928.)

### Appeal from Pike Circuit Court.

1. False Pretenses.—Indictment of defendant for the offense defined in Ky. Stats., sec. 1208, relative to obtaining money by false pretenses, held sufficient to support defendant's conviction for having, in violation of Ky. Stats., sec. 1213a, drawn check on a bank in which he had no funds.

2. False Pretenses.—Where one, knowing he has no money on deposit in a bank, gives a check on such bank to a third person, in

violation of Ky. Stats., sec. 1213a, and obtains property therefor, the offense of obtaining property under false pretenses in violation of Ky. Stats., sec. 1208, is complete on the giving of the worthless check with intent to defraud.

3.   False Pretenses.—In prosecution under indictment for obtaining property under false pretenses, as defined by Ky. Stats., sec. 1208, by the giving of a check on bank in which drawer had no funds, the giving of such check being a violation of Ky. Stats., sec. 1213a, held that court's admitting evidence that other checks had been given by defendant to payee with the understanding they were to be held until some future date before depositing them was error, since it could in no way assist in establishing defendant's guilt of obtaining property by false pretenses in drawing check on bank in which he had no funds.

4.   False Pretenses.—In prosecution for obtaining money by false pretenses in violation of Ky. Stats., sec. 1208, by drawing, in payment for property, in violation of Ky. Stats., sec. 1213a, check on bank in which defendant had no funds, commonwealth held not required, as part of proof necessary for conviction, to establish proof of legal organization of bank on which check was drawn.

5.   False Pretenses.—Defendant, on trial for drawing check on bank in which he had no funds and thereby obtaining property by false pretenses, is entitled to instruction submitting to jury defense of payee's promise to hold check until future day.

ALEX L. RATLIFF for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On November 10, 1925, L. Lee Hatcher, the appellant, drew a check on the First National Bank at Pikeville, payable to Robert Williams, for the sum of $20.75. The check was not paid. On the 12th day of March, 1927, the matter was presented to the grand jury of Pike county, which body returned an indictment against the appellant charging him with having obtained property from Robert Williams by false pretenses. A jury found him guilty as charged and fixed his punishment at 1 year in the penitentiary. He contends that the indictment does not charge a public offense against him. It is apparent that the indictment was drawn under section 1208, Ky. Stats., which is the statute defining and providing punishment for the offense of obtaining money or property by false pretenses. He was tried for the offense defined in section 1213a, Ky. Stats., known as the "Cold

Check Law.'' A similar question was raised in the case of Grisson v. Com., 181 Ky. 189, 203 S. W. 1075. It was held in that case that the indictment was good, although it was the usual indictment for offenses defined in section 1208, supra, and the offender was tried for the offense defined in section 1213a, supra. If there was any doubt as to the sufficiency of such an indictment to sustain a conviction under what is known as the ''Cold Check Law,'' after the opinion in Grisson v. Com., supra, all doubt was removed in the opinion in the case of Com. v. McCall, 186 Ky. 301, 217 S. W. 109.

Appellant contends that he should have been acquitted by a verdict directed in his favor as the proof did not show that the check which he gave was dishonored by the bank. The check was taken to the bank, and some one in the bank advised the holder of the check that it was not good. The check was not indorsed by the payee, and when it was offered in evidence there was nothing on it to show that it had been presented to the bank. There was proof that the appellant had no money in the bank at the time the check was given and did not have any money in the bank for many months thereafter. It is well established that appellant did not have any money to his credit in the bank on which the check was drawn at the time he drew the check. If, at the time he gave the check, he knew that he had no money on deposit in the bank out of which it could be paid and he obtained goods from the payee named in the check, the offense was complete when the worthless check was given with the intent to defraud. Therefore, the question of whether there was any notice that the check had been dishonored by the bank is not material except in so far as the law in force at that time gave the maker of the check 20 days after receiving notice of the dishonor in which to pay the check.

Proof was admitted over the objection of appellant showing that he had given to the same person two checks previously which were unpaid. It is admitted by the payee in the check for which appellant was indicted that he agreed to hold the two checks previously given until some future date before depositing them in the bank. As it is true that the two previous checks were to be held by the payee, there was no violation of the law in the giving of the checks at the time, and for that reason evidence relating to these two checks previously given should not have been admitted as the evidence could not

aid the commonwealth in the establishment of appellant's guilt. As to whether appellant may have introduced the checks for the purpose of showing the manner in which business was conducted between appellant and the payee in the check is a question which is not before us.

It is contended by appellant that the commonwealth failed to make out a case by reason of its failure to establish by proof the legal organization of the bank on which the check was drawn. This point appears to have been decided contrary to his contention in the case of Siegel v. Com., 177 Ky. 232, 197 S. W. 809.

The appellant testified that, when he gave the check out of which the indictment grew, the payee agreed to hold the check until some future day. This was denied by the clerk of the payee who received the check in payment for the merchandise, although he stated that if he made such an agreement he did not remember it, and at another place in his examination he said that he did not make the agreement. In the case of King v. Com., 203 Ky. 163, 261 S. W. 1096, it was held by this court that, where the payee accepts a check under a promise to hold it to enable the maker to procure funds to meet it, the elements of false pretense are lacking and no offense is committed. It was also held in that case, following the opinion of this court in the case of Grisson v. Com., supra, that the defendant in such a case was entitled to an instruction submitting to the jury his defense. Such an instruction was not given in this case, and for that reason the judgment of conviction must be reversed.

Judgment reversed and cause remanded for proceedings consistent with this opinion.