## Tartar v. Commonwealth.

(Decided March 2, 1937.)

503

R. C. TARTAR for appellant.

B. M. VINCENT, Attorney General, and ROSCOE VINCENT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Reversing.

At the September, 1936, term of the Pulaski circuit court the grand jury returned an indictment against appellant, accusing him of the crime of obtaining from another money by false pretenses. He was convicted and sentenced to the penitentiary for a period of one year. He appeals.

Grounds insisted on for reversal are (1) the evidence was insufficient to sustain a conviction for any

offense; and (2) the court erred in not instructing the jury on the whole law of the case.

(1) It appears from the evidence of both J. C. Edwards, the prosecuting witness, and appellant that for some time previous to the giving of the check in question appellant had given to Edwards a number of checks at various times for small sums which Edwards discounted and gave appellant a sum of money less than the face of the check and in a great number of these instances appellant bought whiskey with the checks and Edwards drank a part of the whiskey. It appears that Edwards knew at the time appellant gave him these various small checks appellant did not have money on deposit in the bank on which the checks were drawn to pay the checks and Edwards held them until they accumulated in the sum of $101.30. It is admitted by Edwards that at the time appellant gave him the check for $103.50 it was for the purpose of covering the sum represented by the previous checks referred to above, and Edwards gave appellant the difference in cash. However, appellant denies that Edwards gave him any money on the $103.50 check.

As to the particular check in question, Edwards does not claim that there was any express representation made by appellant as to whether or not he had the money in the bank to pay the check, but says that there was nothing said about holding it, or nothing said about whether or not he had the money in the bank to pay it.

Appellant testified that when he gave Edwards the various small checks previous to the $103.50 check in question, he told Edwards he would pay the checks when he got his bonus, and Edwards came to him and asked him to give him one check to cover them all, and at Edwards' request he gave him the $103.50 check, and he told him he did not have the money to pay the check and it was understood he would pay it when he got his bonus. Edwards admits that he understood that appellant was expecting to get a bonus, but he did not admit the agreement indicated by appellant. He admits, however, that the $103.50 check was to cover the small ones which he had been holding.

Under the direct evidence and circumstances, it is doubtful that appellant committed any offense by giving the check in question. If the evidence of Edwards

is to be believed and it be conceded that at the time appellant gave Edwards the check in question there was nothing said about whether Edwards was to hold the check or whether appellant had the money in the bank to pay it, yet the circumstances and other facts detailed above might have led appellant to believe that Edwards understood that he had no money on deposit in the bank to pay the check, and he gave same in good faith and without any intent to commit a fraud. But since the judgment must be reversed on other grounds, we express no opinion as to the sufficiency of the evidence.

It appears from the accusatory part of the indictment that it was drawn under section 1208, Kentucky Statutes, known as the False Pretense Statute, but the descriptive part of the indictment partakes of the elements of both sections 1208 and 1213a (Ky. St. 1930), the latter being known as the Cold Check Law (Acts 1914, c. 8).

Elements of fraud by false representations are necessary to the commission of the offense defined in section 1213a as well as section 1208, and it appears that the offense defined in the former is a degree of the offense defined in the latter. The offense is complete in such state of case on the giving of a worthless check with the intent to defraud, although no express representations are made by the giver of the check. The mere giving of the check constitutes a representation that it will be paid on presentation to the bank on which it is drawn. Hatcher v. Com., 224 Ky. 131, 5 S. W. (2d) 882, and cases cited therein. It follows that in an indictment under section 1208, a conviction may be had under section 1213a, but the penalty imposed must conform to the penalty provided in section 1213a, when the offense is committed as defined in that section, namely, by giving a worthless check, that is, if the amount of the check be under $20, the offender shall be fined not exceeding $100 or confined in the county jail not less than one day nor more than ninety days, either so fined or imprisoned or both in the discretion of the court or jury trying the case, and if the amount of such check, draft, or order be for $20 or over he shall be guilty of a felony, and upon conviction thereof shall be confined in the penitentiary not less than one year nor more than two years.

Section 1208 was enacted in 1893, and subsequent thereto, in 1914, the Legislature enacted section 1213a, known as the Cold Check Law, and section 1213b-1, relating to false statements made in writing relating to one's financial condition, means, or ability to pay. In Com. v. Boyd, 181 Ky. 382, 205 S. W. 390, 391, Boyd obtained credit in the sum of $280 upon the statement and representation that there was due him under a certain contract a sum more than sufficient to pay the sum for which he obtained credit. The indictment was drawn under section 1208 of the Statutes, but the alleged false representations not being in writing the court sustained a demurrer to the indictment on the ground that section 1208, Kentucky Statutes, was repealed and superseded by section 1213b-1 in so far as the false statements related to one's financial condition or means or ability to pay. The commonwealth took the position that the indictment was good under section 1208 which does not require the false statement to be in writing, and that, as repeals by implication are not favored, that section was not affected by section 1213b-1 requiring false representations relating to one's financial condition to be in writing. In rejecting that argument, the court said:

"'There can be no doubt that the false representation related solely to the defendant's financial condition or ability to pay. People v. Whitney, 146 App. Div. 98, 130 N. Y. S. 465; People v. Rothstein, 42 Misc. 123, 85 N. Y. S. 1076. The only question to be determined, therefore, is what effect section 1213b has on section 1208. The latter section 'doubtless was dictated by the knowledge that criminal charges of false pretenses are often instituted in reality to compel the payment of debt and are easily fabricated.' People ex rel. Cockran v. Hyatt, 172 N. Y. [176] 187, 64 N. E. 825, 60 L. R. A. 774, 92 Am. St. Rep. 706. In dealing with the question of false pretense, in so far as it relates to one's ability to pay, section 1213b is very comprehensive, and shows an evident purpose to deal with the whole subject, and since it adds a new element to the crime, thus making it inconsistent with and repugnant to the former statute, we conclude that it necessarily repeals the former statute to the extent indicated, but no further. Head v. Commonwealth, 165 Ky. 603, 177 S. W. [731] 732; Com-

monwealth v. Cain, 14 Bush [525] 535; Commonwealth v. Hightower, 149 Ky. 563, 149 S. W. 971. In other words, if the false representation relate to one's financial condition or ability to pay, it must be in writing; but, if it relate to any other independent fact, it need not be in writing. It follows that the demurrer to the indictment was properly sustained.''

We have a like situation in the present case. While the offense defined in section 1213a is a degree of the offense defined in section 1208, it must not be overlooked that section 1213a deals with that class of fraud or obtention of property by false pretenses committed by giving a worthless check, and fixes the penalty therefor, which is a different penalty than prescribed in section 1208. It will be observed that section 1213a is inconsistent with section 1208 in different respects. The penalty prescribed for the violation of section 1208 is from one to five years in the penitentiary and the sum of money or value obtained is immaterial, and the penalty prescribed for the violation of section 1213a is from one to two years in the penitentiary if the sum of money or value obtained is $20 or more, but if less than $20 it is only a misdemeanor. Section 1213a deals with the whole subjejct of giving a worthless check and necessarily repeals section 1208 to the extent of the conflict, but no further. Com. v. Boyd, supra, and cases cited therein.

The Legislature had the right to prescribe different penalties for offenses committed under different states of fact and in different ways, and the statute dealing with each particular offense or method or manner of committing the offense is controlling.

Edwards, the prosecuting witness, admitted that the $103.50 check given him by appellant was in lieu of various other small checks which he had been holding, or, in other words, was for a past-due obligation, except the sum of two or three dollars cash, which he claimed he gave appellant at the time, in excess of the sum of the other checks. It has been held in numerous cases that a worthless check given for a past-due account or obligation is not a violation of the Cold Check Law. See Com. v. Hammock, 198 Ky. 785, 250 S. W. 85. It will thus be seen that according to Edwards' own evidence the money or value parted with by him

on the faith of the check given him by appellant amounted to only two or three dollars and, if any offense was committed by appellant, it was only a misdemeanor as provided in section 1213a. The court only instructed the jury on the felony phase of the case and told the jury that if it found the defendant guilty, to fix his penalty at confinement in the penitentiary not less than one year nor more than five years. It follows that the court erred in giving to the jury any instructions authorizing it to find appellant guilty of a felony. A misdemeanor instruction only should have been given as provided in section 1213a. And, the court committed further error in failing to instruct the jury on appellant's theory of the defense, viz., that at the time he gave Edwards the check, he, Edwards, knew appellant had no money on deposit in the bank with which to pay the check and it was understood between them that Edwards would hold the check until appellant got his bonus. Hatcher v. Com., supra.

For reasons stated, the judgment is reversed and remanded for proceedings consistent with this opinion.