## Combs v. Commonwealth.

Jan. 10, 1939.

D. HOLLENDER HALL for appellant.

HUBERT MEREDITH, Attorney General, and W. F. NEILL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Jim Combs, has been convicted of

the crime of obtaining money by false pretenses and sentenced to a term of one year in the penitentiary. On this appeal he insists that the trial court erred (1) in overruling his demurrer to the indictment; (2) in overruling his motion for a peremptory instruction; and (3) in failing to instruct the jury as to the whole law of the case.

The three grounds relied upon for a reversal of the judgment are based on the same alleged vice; that is, failure of the commonwealth to charge and prove that the alleged false representation was made in writing, and failure of the trial court to incorporate this element in the instructions. The indictment charged, in substance, that appellant falsely pretended and represented to Farris Hayes and I. B. Richie that he was the owner in fee simple of real estate in Perry county, Kentucky, of the value of more than $1,000, when in fact he was not the owner of any real estate, and by said false and fraudulent representations obtained the signatures of said Farris Hayes and I. B. Richie to a note for $200 as sureties; that Hayes and Richie relied upon the truth of said statements and signed the note and were compelled to pay for the appellant on said note the sum of $175; and that the appellant made said statements with the willful and fraudulent intent to cheat the said Hayes and Richie out of said sum and knew at the time he made such statements that the same were false and untrue.

The indictment did not aver that the alleged false statements were made in writing. The proof disclosed that appellant, in April, 1935, entered into a contract with A. B. Richie, brother of I. B. Richie, to haul certain logs. It appears that A. B. Richie, I. B. Richie, and Farris Hayes were partners. In order to carry out the contract, appellant purchased a truck on which he made a small payment. The remainder of the purchase price was financed on the installment plan through a finance company. Appellant was unable to meet the payments as they fell due, and, when the finance company threatened to take possession of the truck, he requested I. B. Richie and Hayes to sign, as sureties, a note for $200, payable to a bank in Hazard, Kentucky, which he signed as principal. With the proceeds of the note he paid the remaining installments for the purchase price of the truck. He paid $25 on the note, and

the sureties were compelled to pay the balance. Richie and Hayes claimed that the alleged false statements respecting his financial condition were made by appellant at the time they signed the note at his request. Appellant testified that he purchased a tract of land in Perry county from James Stacy several years before the trial, and had it conveyed to his son, Albert Combs, with the understanding that the latter would hold it in trust for him and would execute a deed or mortgage when requested to do so by appellant. He claimed that he explained the condition of the title to Richie and Hayes when he requested them to sign the note as sureties, and offered to have a mortgage on the land executed to indemnify them against loss. The evidence as to whether or not a mortgage was executed and tendered to the sureties, and, if so, by whom and when, is vague and indefinite, but this is unimportant since the commonwealth neither charged in the indictment nor proved that the alleged false statements were made in writing before or at the time the note was signed by Richie and Hayes.

Section 1213b-1, Kentucky Statutes, enacted in 1914, repealed so much of section 1208 as relates to unwritten representations of financial condition or means or ability to pay. Section 1213b-1 reads in part:

"Any person who shall knowingly make or cause to be made, either directly or indirectly, or through any agency whatsoever, any false statement in writing, with intent that it shall be relied upon, respecting the financial condition, or means or ability to pay, of himself, or any other person, firm or corporation, in whom he is interested or for whom he is acting, for the purpose of procuring in any form whatsoever, either the delivery of personal property, the payment of cash, the making of a loan or credit, the extension of a credit, the discount of an account receivable or the making, acceptance, discount, sale or endorsement of a bill of exchange, or promissory note, for the benefit of either himself or of such person, firm or corporation * * * shall be guilty of a felony, and upon conviction thereof shall be confined in the penitentiary for not less than one nor more than five years."

Construing this section in Commonwealth v. Dant, 194 Ky. 691, 240 S. W. 359, where the indictment was held to be defective because it failed to aver that the

alleged false representations were made in writing, the court said [page 360]:

"Prior to the enactment of this section in 1914 it was not necessary, under section 1208 of the statutes then in force, and denouncing the same crime, that the false representations should be made in writing in any case. In Commonwealth v. Boyd, 181 Ky. 382, 205 S. W. 390, however, we held that section 1208 was repealed by section 1213b in so far as representations relating to one's financial condition or ability to pay were concerned, and that such representations must now be in writing before there is criminal liability, but that, if the false representations related to any other independent fact, section 1208 would still apply, and they need not be in writing.

"In reaching this conclusion we held that section 1213b is very comprehensive, and shows an evident purpose to deal with the whole subject. That this is true is at once apparent from the very comprehensive language that is employed."

The purpose of the alleged false representations in the present case, as charged in the indictment, was to induce Hayes and Richie to sign a note as sureties in order to enable appellant to obtain a loan from the Hazard bank. The representations related to his financial condition and ability to pay, and come clearly within section 1213b-1 of the Statutes, and, as was said in Commonwealth v. Dant, supra, they "must have been made in writing before any criminal liability attached." It follows that the trial court erred in overruling the demurrer to the indictment.

The judgment is reversed, for further proceedings consistent herewith.