**DAILY v. COMMONWEALTH.**

Court of Appeals of Kentucky.

April 25, 1952.

J. C. Cannaday, Providence, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

COMBS, Justice.

Appellant was convicted of obtaining property by false pretenses and sentenced to one year in the penitentiary. He contends he was entitled to a peremptory instruction, and that erroneous instructions were given to the jury.

It is admitted that appellant gave a check in the amount of $132 to Joseph Collins for a load of hay. The check was presented to the bank on which it was drawn and payment was refused because appellant had insufficient funds in the bank to cover payment. The indictment was drawn under KRS 434.050, commonly referred to as the "false pretenses" statute, and it is contended that the mere giving of a cold check is not an offense under that section of the statute. There is dictum in the case of Commonwealth v. McCall, 186 Ky. 301, 217 S.W. 109, which supports appellant's contention. But in the two later cases of Hatcher v. Commonwealth, 224 Ky. 131, 5 S.W.2d 882, and Tartar v. Commonwealth, 267 Ky. 502, 103 S.W.2d 971, it was squarely held that although the offense of giving a cold check is covered by a separate statute, KRS 434.070, it is also a degree of the offense of obtaining money by false pretenses. KRS 434.050.

Under the so-called "cold check" statute, it must be shown, in order to sustain a conviction, that the drawer of the check not only has insufficient funds in the bank to cover payment, but that he has *no* *credit* with the bank for payment of the check. Commonwealth v. Bandy, 291 Ky. 721, 165 S.W.2d 337. The instructions in this case failed to present this issue, and appellant maintains the failure to do so is reversible error. It is elementary that it is necessary to instruct the jury only on those issues presented by the evidence. We now consider the evidence.

The Commonwealth introduced as a witness the cashier of the bank on which the check was drawn. He testified from the bank records that at the time the check was given appellant had $1.24 to his credit; that the account had been inactive for at least eight months; and that there was no agreement or understanding whereby the bank was to extend credit to appellant for the payment of checks or otherwise. Although appellant testified he thought the bank would pay the check, he testified to no facts on which his belief was based. The effect of his testimony is that he merely hoped the check would be paid. Under the circumstances an instruction on the issue of appellant's credit with the bank was unnecessary.

■ The instructions given by the trial court authorized the jury to impose a penalty of from one to five years, this being the penalty provided by the false pretenses statute. The penalty under the cold check statute, in event the check is for $20 or more, is not less than one year nor more than two years. The instruction obviously was erroneous in failing to limit the penalty to imprisonment for two years. But in view of the fact the sentence imposed was imprisonment for one year, which was the minimum appellant could have received under a proper instruction after a verdict of guilty, the error was not prejudicial to him.

■ Appellant makes some contention that the evidence is insufficient to support the verdict. We find no merit in the argument.

The judgment is affirmed.